## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHEABRA L. SIMPSON, PhD.,

      Plaintiff,

                                            CASE NO. 04-74162
v.                                     HON. LAWRENCE P. ZATKOFF

JOAN BUSH, JAN EPP, AND
HAMPTON E. WALKER, JR.,
individually and in their capacity
as Agents of the State of Michigan
Department of Corrections,
jointly and severally,

      Defendants.
_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the Theodore Levin United States Courthouse,
in the City of Detroit, State of Michigan, on February 24, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment. Plaintiff has responded, and Defendants have replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motion for Summary Judgment will be GRANTED.

### II. BACKGROUND

Plaintiff first brought this action against Defendant United Auto Workers Local 6000 ("Local"), and her former employer, the Michigan Department of Corrections ("MDOC"), under § 301 of the Labor Management Relations Act of 1947, ("LMRA"), 29 U.S.C. § 185. Plaintiff alleged that Defendant MDOC terminated her employment in violation of a Collective Bargaining Agreement ("CBA"), between Defendant Local and Defendant MDOC. Plaintiff alleged that Defendant Local breached its duty of fair representation by mishandling numerous grievances she filed against Defendant MDOC. Plaintiff also alleged that Defendant Local's and Defendant MDOC's employees interfered with her employment contract and her rights under the CBA, because of her race, in violation of 42 U.S.C. § 1981. Finally, Plaintiff sought to overturn an arbitrator's decision upholding Plaintiff's termination on the grounds that the grievance challenging the termination was not timely filed.

On September 28, 2005, the Court granted Defendant Local's and Defendant MDOC's Motions for Summary Judgment.[1] The Court granted Plaintiff leave to file an amended complaint against MDOC employees in their individual capacities. Plaintiff filed an amended complaint on November 10, 2005, against MDOC employees Joan Bush, Jan Epp, and Hampton Walker.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring

---

[1] The facts of the case were discussed in that opinion, and will not be repeated here.

the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

### IV.  ANALYSIS

As noted by Defendants, Plaintiff's amended complaint, purportedly against MDOC employees Bush, Epp, and Walker, actually contains few allegations against those Defendants. The vast majority of the complaint merely rehashes Plaintiff's grievances against her former union. However, since the Court previously dismissed the counts against the union, those allegations are irrelevant to the case in its current posture.

Plaintiff charges Bush, Epp, and Walker with discriminating against her in violation of 42 U.S.C. § 1981, and depriving her of her due process rights in violation of 42 U.S.C. § 1983. As noted by Defendants, Plaintiff's complaint is devoid of specific factual allegations against Bush, Epp, and Walker. With regards to the § 1981 claim, the complaint states that:

> Defendants Joan Busch [sic], Jan Epps, and Hampton E. Walker, Jr., MDOC employees and agents, interfered with Plaintiff's employment contract and ability [to] keep her job by discriminating against her on the basis of race and causing her to be terminated.

Plaintiff's Complaint at ¶ 103. With regards to the § 1983 claim, the complaint states that:

> Defendants Joan Busch [sic], Jan Epps, and Hampton E. Walker, Jr., MDOC employees and agents, violated [Plaintiff's] due process rights when they violated MDOC policies and procedures, and the CBA, by subjecting Plaintiff to an investigation that was contrary to MDOC policies and procedures and the CBA, that Plaintiff was entitled to.
>
> Defendants, MDOC employees and agents violated due process rights by issuing stop orders and untimely interim performance ratings, and professional licensing complaints, in violations [sic] of MDOC rules and regulations, policies and procedures.

Plaintiff's Complaint at ¶¶ 115-16.

Defendants seek summary judgment on the basis of qualified immunity. Qualified immunity "is an affirmative defense that is available to government officials performing discretionary functions." *Rich v. City of Mayfield Heights*, 955 F. 2d 1092, 1094 (6th Cir. 1992). The plaintiff ultimately bears the burden of proving "that the defendants' conduct violated a right so clearly established that any official in defendants' position would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Id.* at 1095.

Plaintiff's complaint essentially alleges that Defendants were involved in disciplinary procedures which violated MDOC policies and the CBA. The Sixth Circuit has held that while a

4

plaintiff need not produce authority that matches the factual circumstances point for point, it is still the plaintiff's duty "to establish, in the light of pre-existing law, that the unlawfulness of the [defendants'] conduct was apparent." *Id.* at 1097 (quotation omitted). However, Plaintiff has not only failed to cite cases involving clearly established rights regarding disciplinary procedures, she has failed to cite any cases at all. Plaintiff's response to Defendants' assertion of qualified immunity is the conclusory statement "[t]here is no qualified immunity that protects defendants." Plaintiff's Response Brief at 3. This unsupported statement does not meet Plaintiff's burden of establishing that Defendants' behavior was clearly unlawful in the light of pre-existing law. Thus, Defendants are entitled to qualified immunity.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendants' Motion for Summary Judgment. Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: February 24, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2006.

                                                  s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290